Eric Baum NY#2591618 (Pro Hac Vice To Be Filed)
Andrew Rozynski NY#5054465 (Pro Hac Vice To Be Filed)
**EISENBERG & BAUM, LLP**
24 Union Square East
Fourth Floor
New York, NY 10003
Telephone No. 212-353-8700
Facsimile No. 212-353-1708
E-mail: ebaum@EandBLaw.com
          arozynski@EandBLaw.com

William A. Richards #013381
Alan S. Baskin #013155
Nicole C. Davis #020138
David E. Wood #021403
Leslie Ross #027207
**BASKIN RICHARDS PLC**
2901 N. Central Avenue, Suite 1150
Phoenix, Arizona 85012
Telephone No. 602-812-7979
Facsimile No. 602-595-7800
E-mail: brichards@baskinrichards.com
          alan@baskinrichards.com
          dwood@baskinrichards.com
          ndavis@baskinrichards.com
          lross@baskinrichards.com

*Attorneys for Plaintiffs*

### IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Harry Begay and Martha Begay, | Case No. |
| Plaintiffs, | |
| | **COMPLAINT** |
| v. | |
| Scottsdale Healthcare Hospitals d/b/a HonorHealth Deer Valley Medical Center, f/k/a John C. Lincoln Deer Valley Hospital, | |
| Defendant. | |

Plaintiffs Harry Begay and Martha Begay bring this action, by and through their undersigned counsel, Eisenberg & Baum, LLP (pro hac vice application to be filed), and Baskin Richards PLC, and for their claims against Defendant Scottsdale Healthcare Hospitals doing business as HonorHealth Deer Valley Medical Center, formerly known as John C. Lincoln Deer Valley Hospital ("HonorHealth" or "Defendant"), hereby allege as follows:

## PRELIMINARY STATEMENT

1.      Plaintiffs are deaf individuals who communicate primarily in American Sign Language ("ASL"), which is their expressed, preferred, and most effective means of communication.  Defendant, HonorHealth, discriminated against Plaintiffs by refusing to provide auxiliary aids and services despite their requests for effective communication. Defendant discriminated against Plaintiffs by failing to provide on-site ASL interpreters when necessary, by providing malfunctioning Video Remote Interpreting ("VRI"[1]) systems, by failing to adequately train its personnel in the use of VRI systems, and by requiring Plaintiffs to rely upon other means of communication, including passing of notes and/or lip reading that are inadequate for the medical treatment required by the Plaintiffs.  Plaintiffs bring this action to compel Defendant to cease unlawful discriminatory practices and implement policies and procedures that will ensure effective communication, full and equal enjoyment, and a meaningful opportunity to participate in and benefit from Defendant's services.  Plaintiffs seek declaratory, injunctive, and equitable relief; compensatory and punitive damages; and attorneys' fees and costs to redress Defendant's unlawful discrimination on the basis of disability in violation of Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181, *et seq.* and its implementing regulation, 28 C.F.R. Part 36; Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794, and its implementing regulation, 45 C.F.R. Part 84; Section 1557 of the Patient Protection and Affordable Care Act, 42 U.S.C.  § 18116; the Arizonans with Disabilities Act ("AzDA"), A.R.S. § 41-1492, *et seq.*, and other state and

---

[1]   Video remote interpreting is a video telecommunication service that uses devices such as web cameras or videophones to provide sign language or spoken language interpreting services through a remote or off-site interpreter.

BASKIN RICHARDS PLC
2901 N. Central Avenue, Suite 1150
Phoenix, Arizona 85012
Telephone 602-812-7979
Facsimile 602-595-7800

federal common law rights.

2.     Defendant has demonstrated and continues to demonstrate that Defendant's staff is not properly trained regarding how to identify when live, in-person interpreter services are required for effective communication with Deaf patients and their companions, and when other forms of communication, including VRI technology, the passing of written notes, or lip reading offer inadequate and ineffective communication for a deaf patient or his deaf companion.

3.     Defendant has similarly demonstrated that Defendant's staff is not properly trained regarding how to utilize or maintain VRI systems or fix malfunctioning VRI systems. This lack of training resulted in delays and failures to communicate with Plaintiffs in critical medical care situations. As a result of these delays and failures, Plaintiffs received care and service that was objectively substandard and that was not equal to the care and service provided to hearing patients and hearing companions of patients.

4.     Upon information and belief, despite being put on notice that problems with VRI resulted in ineffective communication with Plaintiffs, Defendant continues to wrongfully insist that VRI systems or other inadequate forms of communication be utilized for Plaintiffs as a substitute for qualified, in-person ASL interpreters.

5.     Plaintiffs bring suit to address these discriminatory practices, obtain relief against further, future discrimination, and obtain compensation for the damages caused by Defendant's discriminatory and unlawful policies, procedures and practices.

## THE PARTIES

6.     Defendant Scottsdale Healthcare Hospitals is an Arizona non-profit corporation registered and doing business in the State of Arizona.

7.     Around January 1, 2015, John C. Lincoln Health Network merged into Scottsdale Healthcare Hospitals to create the entity known as HonorHealth, a tradename for Scottsdale Healthcare Hospitals.

8.     At all times hereinafter mentioned, Defendant Scottsdale Healthcare Hospitals doing business as HonorHealth Deer Valley Medical Center, formerly known as John C.

BASKIN RICHARDS PLC
2901 N. Central Avenue, Suite 1150
Phoenix, Arizona 85012
Telephone 602-812-7979
Facsimile 602-595-7800

BASKIN RICHARDS PLC
2901 N. Central Avenue, Suite 1150
Phoenix, Arizona 85012
Telephone 602-812-7979
Facsimile 602-595-7800

Lincoln Deer Valley Hospital was and is still licensed and doing business in the State of Arizona, with a principal place of business in Phoenix, Arizona.

9.      HonorHealth operates hospitals, specialty medical centers, surgery centers and outpatient facilities.  The company operates facilities throughout the Phoenix metropolitan area.

10.     Upon information and belief, HonorHealth runs five hospitals in Phoenix and Scottsdale and more than 70 primary, specialty, and immediate care locations. https://www.honorhealth.com/company.

11.     HonorHealth's Arizona hospital facilities include HonorHealth Deer Valley Medical Center, formerly known as John C Lincoln Deer Valley Hospital ("Deer Valley Hospital"), which is located at or near 19829 North 27th Avenue, Phoenix, Arizona, 85027, and whose actions and omissions give rise to claims in this matter.

12.     Deer Valley Hospital is a place of public accommodation as defined in 42 U.S.C. § 12181(7)(G) and A.R.S. § 41-1492(11)(f) and HonorHealth is a recipient of federal financial assistance. Thus, HonorHealth is subject to the requirements of the ADA, Section 504 of the Rehabilitation Act, Section 1557 of the Patient Protection and Affordable Care Act, 42 U.S.C. § 18116, and the AzDA.

13.     On information and belief, HonorHealth has sufficient financial resources to afford all aids and services necessary to provide effective communication to the Plaintiffs.

14.     Defendant's website acknowledges the importance of patient communication at HonorHealth.  It states, "HonorHealth focuses on you. We take the time to understand your unique needs. We engage you in conversations about health because we value your input. We're never too busy to go beyond what's expected to offer a helping hand." https://www.honorhealth.com/company.

15.     Plaintiffs Harry Begay and Martha Begay are a married couple who have at all material times resided in Maricopa County, Arizona.

16.     Plaintiffs are profoundly Deaf and communicate primarily in ASL, and are substantially limited in the major life activities of hearing and speaking within the meaning of

the ADA, the Rehabilitation Act, Section 1557 of the Patient Protection and Affordable Care Act, 42 U.S.C. § 18116, and the AzDA.

17.     Plaintiff Harry Begay was a patient and Plaintiff Martha Begay was a companion at HonorHealth's Deer Valley Hospital in May 2015 and June 2016.

18.      Plaintiff Harry Begay was a patient at HonorHealth, where he and his wife Martha Begay were denied appropriate auxiliary aids and services for their disabilities despite repeated requests by Plaintiffs to facilitate effective communication between them and HonorHealth's agents, employees, and/or medical staff during Mr. Begay's medical treatment and care.

19.     Plaintiff Martha Begay was a companion to Plaintiff Harry Begay at HonorHealth, where she and her husband were denied appropriate auxiliary aids and services for their disabilities despite repeated requests by Plaintiffs to facilitate effective communication between them and HonorHealth's agents, employees, and/or medical staff during Mr. Begay's medical treatment and care.

20.     Throughout visits by Plaintiffs at HonorHealth between May 2015 and the present, Defendant repeatedly denied Plaintiffs effective communication as required by law. Defendant HonorHealth's denial of effective communication for Plaintiffs include providing Plaintiffs with malfunctioning VRI systems and/or repeatedly denying their requests for on-site qualified ASL interpreters.

21.     When Plaintiffs attempted to utilize VRI equipment at Defendant's Deer Valley Hospital, they often stopped, became pixilated, or lacked visibility, leaving communication unreliable or nonexistent. Instead of providing an on-site ASL interpreter when the VRI equipment did not work, Defendant chose to do nothing at all or to force Plaintiffs to rely on other inadequate methods of communication, resulting in ineffective communication with Plaintiffs.

22.     Plaintiffs put Defendant HonorHealth on notice that the VRI systems at Defendant's Deer Valley Hospital did not provide effective communication. Despite this notice, Defendant continued to wrongfully mandate the use of VRI instead of on-site,

BASKIN RICHARDS PLC
2901 N. Central Avenue, Suite 1150
Phoenix, Arizona 85012
Telephone 602-812-7979
Facsimile 602-595-7800

qualified ASL interpreters.

## JURISDICTION & VENUE

23.     This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1343 for Plaintiffs' claims arising under federal law.  In addition, this Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

24.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because Defendant has sufficient contacts with this District to subject it to personal jurisdiction at the time this action is commenced, the parties all reside within this District, and the acts and omissions giving rise to the causes of action asserted herein occurred in this District.

## STATEMENT OF FACTS

25.     Plaintiff Harry Begay is profoundly deaf and requires a qualified sign language interpreter to communicate effectively in medical settings.

26.     Plaintiff Martha Begay is profoundly deaf and requires a qualified sign language interpreter to communicate effectively in medical settings.

27.     Plaintiffs Harry Begay and Martha Begay are married to each other.

28.     Plaintiff Harry Begay is a patient of Dr. Scott Hillmann, a general and vascular surgeon.

29.     In or around May 2015, Dr. Hillmann scheduled Mr. Begay for surgery to occur at Deer Valley Hospital on May 26, 2015 at 10:30 am.

30.     Plaintiffs requested a qualified, on-site interpreter to be present for Mr. Begay's surgery and related appointments at Defendant's Deer Valley Hospital.

31.     Two days prior to his surgery, Defendant's staff contacted Mr. Begay, confirming his request for an interpreter.

32.     Defendant's staff requested that Mr. Begay arrive at 9:00 am on May 26, 2015 for pre-operative tests.

33.     Upon Plaintiffs' arrival at Defendant's facility on the previously scheduled date and time, no on-site interpreter was present.

BASKIN RICHARDS PLC
2901 N. Central Avenue, Suite 1150
Phoenix, Arizona 85012
Telephone 602-812-7979
Facsimile 602-595-7800

BASKIN RICHARDS PLC
2901 N. Central Avenue, Suite 1150
Phoenix, Arizona 85012
Telephone 602-812-7979
Facsimile 602-595-7800

34.     Mr. Begay advised the staff again that he had requested an on-site interpreter be present in order to review medical history and answer his questions prior to surgery.

35.     Without an interpreter present, nursing staff and Mr. Begay were relegated to notes. Through handwritten notes, Defendant's nursing staff advised Mr. Begay that they would draw his blood, take his blood pressure and transfer him to the surgical area.

36.     Without an on-site interpreter, and as part of his pre-operative testing, Defendant's staff also took X-rays of Mr. Begay.

37.     In the surgical center, Defendant's staff continued to attempt communications with Mr. Begay through handwritten notes.

38.     Although Mr. Begay continued to ask about the interpreter he requested, Defendant did not provide him with an update.

39.      Upon Ms. Martha Begay's arrival in the surgical center, the nursing staff insisted on the use of VRI to communicate.

40.     The VRI system used for Mr. Begay's pre-surgery admittance had consistent operational problems, including, on information and belief, audibility and microphone problems, as well as video problems, including blurry images and the VRI screen freezing repeatedly.

41.     Without explanation to either Mr. or Mrs. Begay, Defendant's agents took Mr. Begay off for surgery.

42.     Ms. Begay saw that the VRI interpreter was attempting to sign something, but due to the video malfunctioning, could not understand what Defendant was attempting to communicate.

43.     After Mr. Begay was moved from the room, Ms. Begay remained, unsure of where Defendant's staff took her husband and unsure of what to do next.

44.     Defendant's staff closed the VRI laptop and then wrote a note to Ms. Begay that her husband was taken into surgery and that she should wait in the lobby.

45.     Defendant's staff wrote to Ms. Begay that an interpreter would be arriving soon and although the VRI was still in the room, Defendant's staff did not use it to communicate

7

with Ms. Begay.

46.     After Ms. Begay had been waiting approximately one hour in the waiting room, and long after Mr. Begay was taken to surgery, an ASL interpreter arrived.

47.     The ASL interpreter informed Ms. Begay that Defendant never notified her of an earlier arrival otherwise she would have made herself available.

48.     Through the assistance of an ASL interpreter, and after Mr. Begay's surgery, Plaintiffs learned for the first time that Mr. Begay had undergone hernia repair surgery.

49.     Plaintiffs' interactions with Defendant, its agents, contractors, and medical staff, put Defendant on notice regarding Plaintiffs' disabilities, their disability related need for an in-person qualified ASL interpreter for effective communication, and the ineffectiveness of Defendant's VRI and/or handwritten notes.

50.     Defendant was also on notice that Plaintiffs required on-site qualified ASL interpretation services because on prior occasions Plaintiffs sought treatment at Defendant's Deer Valley Hospital where they were similarly provided with inappropriate and ineffective communication.

51.     Defendant's lack of effective communication caused Plaintiffs undue anxiety, fear, frustration, humiliation, embarrassment, and concern that they were not receiving all information needed to understand Mr. Begay's health condition and participate in Mr. Begay's treatment and care.

52.     Following Mr. Begay's discharge for surgery, Plaintiffs attended follow-up appointments at Defendant's facility.

53.     Throughout June 2015, Mr. Begay's symptoms drastically worsened. He continued to have difficulties passing bowel movements and his pain had increased substantially.

54.     From June 2015 to June 2016 Mr. Begay continued to experience complications and pain from the medical condition that upon information and belief, necessitated surgical intervention in May 2015.

55.     On June 2, 2016, Plaintiffs went to the emergency department at Defendant's

8

Deer Valley Hospital because Mr. Begay was vomiting and experiencing headaches and pain.

56.     Although Defendant's staff, agents, and medical personnel knew or reasonably should have known that Plaintiffs are Deaf and require the use of qualified on-site ASL interpretation services through Plaintiffs' interactions with Defendant and Mr. Begay's medical records, Defendant nonetheless failed again to provide a qualified on-site ASL interpreter for Plaintiffs and instead attempted communications through handwritten notes which were ineffective.

57.     On June 4, 2016, Mr. Begay visited the John C Lincoln Deer Valley emergency room because he was experiencing abdominal and back pain.

58.     During this visit, Defendant's staff performed an ultrasound of Mr. Begay.

59.     Defendant's staff again refused to provide Mr. and Ms. Begay with an in-person certified ASL interpreter.

60.     Although Defendant's staff, agents, and medical personnel knew or reasonably should have known that Plaintiffs are Deaf and require the use of qualified on-site ASL interpretation services through Plaintiffs' interactions with Defendant and Mr. Begay's medical history, Defendant nonetheless failed again to provide a qualified on-site ASL interpreter for Plaintiffs and instead attempted communications with them through written notes and a faulty VRI system, which were ineffective.

61.     Rather than providing an ASL interpreter, Defendant continued to rely upon ineffective communications through a faulty VRI system and handwritten notes.

62.     Because of the ineffectiveness of the communication he received at this appointment, Mr. Begay still did not understand what had happened with his surgery.

63.     Although Defendant's staff, agents, and medical personnel knew or reasonably should have known that Plaintiffs are Deaf and require the use of qualified on-site ASL interpretation services through Plaintiffs' interactions with Defendant and Mr. Begay's medical history, Defendant nonetheless refused to provide an on-site ASL interpreter for Plaintiffs.

64.     Rather than providing an ASL interpreter, Defendant continued to rely upon

BASKIN RICHARDS PLC
2901 N. Central Avenue, Suite 1150
Phoenix, Arizona 85012
Telephone 602-812-7979
Facsimile 602-595-7800

ineffective communications through a faulty VRI system and handwritten notes.

65.     Mr. and Mrs. Begay thus remained confused and concerned about Mr. Begay's condition.

66.     Given the proximity of Defendant's Deer Valley Hospital to their home, it is reasonably foreseeable that Plaintiffs will again be a patient or a patient's companion at the Defendant's Deer Valley Hospital, or some other facility of Defendant.

67.     Based on Defendant's previous and repeated denials of effective communication for Plaintiffs, and its repeated denials of effective communication to other deaf patients and deaf patient companions, it is reasonably foreseeable that Defendant will deny Plaintiffs effective communication again in the future.

68.     Defendant's failure to provide on-site, qualified sign language interpreters made Plaintiff Mr. Begay's treatment, subsequent follow-up appointments, and hospital experiences more difficult and caused harm because it prevented effective communication between Plaintiffs and Defendant's staff.

69.     As a result of Defendant's failure to ensure effective communication with Plaintiffs, Plaintiffs received care and service that was objectively substandard and that is inferior to care provided to patients or companions who can hear.

70.     Defendant intentionally discriminated against Plaintiffs and acted with deliberate indifference to their communication needs, causing them to endure humiliation, fear, anxiety, and emotional distress.

71.     Defendant's denial of effective communication during the medical treatment of Mr. Begay caused Plaintiffs significant pain, suffering, and emotional distress. On information and belief, due to Defendant's refusal to provide effective communication, Plaintiffs did not meaningfully understand critical information about Mr. Begay's diagnoses, prognoses, medication and/or treatment options and post-operative care and lacked a full and complete understanding of the risks and benefits thereof.

72.     As alleged above, Plaintiffs repeatedly put Defendant's staff on notice that communication was not effective by alerting them of the inadequacy of VRI systems, the

BASKIN RICHARDS PLC
2901 N. Central Avenue, Suite 1150
Phoenix, Arizona 85012
Telephone 602-812-7979
Facsimile 602-595-7800

inadequacy of handwritten communications and to their need for qualified ASL interpreters.

73.     Despite such notice, Defendant failed and/or refused to provide qualified on-site ASL interpreters, failed and/or refused to ensure that VRI systems were appropriate for Plaintiffs' circumstances, failed and/or refused to ensure that available VRI systems were properly functioning, failed and/or refused to ensure that the Defendant's agents were properly trained and qualified in the use of the VRI systems, and failed and/or refused to fix VRI systems that were not working properly, or failed and/or refused to understand the inadequacy of handwritten notes as a sole method of communication.

74.     Rather, Defendant knowingly limited Plaintiffs to the little communication the Plaintiffs could achieve through the malfunctioning VRI, and through such inadequate methods as vague gestures, cryptic notes, or trying to force the Plaintiffs to read lips.

75.     Upon information and belief, Defendant is aware of its obligations under federal and state law to provide adequate and effective communication for Deaf, hard of hearing, and speech impaired individuals that visit its medical facilities as either patients or companions of patients.

76.     Also upon information and belief, Defendant and its agents, including those medical personnel attending Plaintiffs, were aware that the failure to provide adequate and effective communication to the Plaintiffs could result in serious and harmful anxiety, confusion, lack of understanding, frustration, depression and other serious emotional harms, could prevent the Plaintiffs from enjoying the right and ability to understand and participate in Mr. Begay's medical care, and would expose Mr. Begay to serious risks of physical harm and injury due to their inability to adequately understand his medical conditions, the treatments he was receiving or that were being recommended to him, and the best and most appropriate courses of action to ensure his long term recovery and health.

77.     Also upon information and belief, Defendant and its agents, including those medical personnel attending Mr. Begay, were aware that the Defendant's failure and refusal to provide adequate and effective communication for Plaintiffs could result in poor or materially diminished patient care and outcomes contributing to long-term physical harms and requiring

11

BASKIN RICHARDS PLC
2901 N. Central Avenue, Suite 1150
Phoenix, Arizona 85012
Telephone 602-812-7979
Facsimile 602-595-7800

additional medical care.

78.     Upon information and belief, Defendant refuses to hire qualified on-site qualified ASL interpreters as a matter of policy at its hospital and other facilities, and insists upon communication through such inadequate means of communication as handwritten notes, gestures, lip reading, and/or VRI in all cases.

79.     Upon information and belief, HonorHealth informs its Deer Valley Hospital patients and companions of a right to access language assistance services in eighteen languages, none of which are ASL.

80.     Upon information and belief, the refusal to offer on-site, qualified, ASL interpreter services to Plaintiffs is the result of a policy or practice of Defendant to discourage the use of qualified on-site interpreters without regard to whether VRI services or other methods of communication will provide effective communication.

81.     Lip-reading, the ability to understand the speech of another by watching the speaker's lips, is an extremely speculative means of communication and no substitute for direct doctor-patient communication through a qualified Sign Language interpreter. Only a small amount of the spoken sounds of aural language are visible, and many of those appear identical on the lips.  Even the most adept lip-readers, in an ideal one-to-one situation, have been found to understand only 26% of what is said.

82.     Reliance by Deaf and hard of hearing and speech impaired individuals upon family members to interpret medical communications for them is unwise and dangerous. Such family members are generally not trained to act as interpreters, particularly in medical and hospital settings. Family members often are untrained in accurately and precisely interpreting and conveying for and to the hearing impaired individual the complete and accurate content of medical communications.

83.     In addition, family members are generally too personally and emotionally involved with the hearing impaired patient to act impartially and with the emotional detachment that is necessary for qualified sign language interpreters, particularly in medical settings and communications.

84.     As a result of Defendant's failure to ensure effective communication with Plaintiffs, Plaintiffs received care and service that was objectively substandard and that is inferior to care provided to patients and patient family members who can hear.

85.     Furthermore, despite its knowledge and understanding of its legal obligations to provide adequate and effective communication to the Plaintiffs, and its knowledge and understanding that the failure to provide adequate and effective communication to Plaintiffs could and would result in denial of the Plaintiffs' rights under state and federal law and in serious and material harm and injury to the Plaintiffs, Defendant knowingly, intentionally and maliciously failed and/or refused to provide adequate and effective communication to Plaintiffs in an intentional and/or deliberately indifferent violation of Plaintiffs' rights.

86.     It is reasonably foreseeable that Mr. and Ms. Begay will continue to visit one or more of Defendant's facilities, either by choice or necessity, due to the ubiquity of Defendant's facilities and the proximity of those facilities to the Plaintiffs' home or neighborhood.    Based on Defendant's previous and repeated denials of effective communication for Plaintiffs, it is reasonably foreseeable that a denial of effective communication for Plaintiffs as a result of Defendant's actions, omissions, policies or practices will occur again.

87.     Accordingly, Plaintiffs are aware of discriminatory barriers to access at Defendant's facilities and are thereby deterred from accessing Defendant's healthcare services because of the discrimination they have faced and expect to face in the future, even though they would do so if the discriminatory acts ceased. Therefore, Defendant's actions warrant the imposition of injunctive relief to ensure the cessation of Defendant's wrongful conduct.

88.     Defendant's actions and omissions resulting in harms to the Plaintiffs were willful, malicious, intentional, recklessly indifferent and undertaken with an evil mind and motive and with disregard for and deliberate indifference to the legal rights of Plaintiffs under federal and state law and the substantial risk of serious and material harms to the Plaintiffs. Therefore, to the extent allowed by any applicable law, Defendant's actions would warrant the imposition of punitive or exemplary damages to punish the Defendant for its wrongful

conduct and to deter other similarly situated persons or entities from similar future conduct.

## COUNT 1: VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT

89.     Plaintiffs repeat and reallege all preceding allegations of this Complaint in support of this claim as if set forth fully herein.

90.     At all times relevant to this action, Title III of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12181, *et seq*. has been in full force and effect and has applied to Defendant's conduct.

91.     At all times relevant to this action, the United States Department of Justice regulations implementing Title III of the ADA, 28 C.F.R. Part 36, were in full force and effect and applied to the Defendant's conduct.

92.     At all times relevant to this action, Plaintiffs have been substantially limited in the major life activities of hearing and speaking.  Accordingly, they are considered individuals with a disability as defined under the ADA, 42 U.S.C. § 12102(2).

93.     Defendant owns, leases, and/or operates a place of public accommodation as defined under Title III of the ADA, 42 U.S.C. § 12181(7)(F).

94.     Title III of the ADA provides that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a).

95.     Title III of the ADA defines discrimination to include denying participation or offering unequal or separate benefits to individuals with disabilities. 42 U.S.C. § 12182(b)(1)(A); *see also* 28 C.F.R. §§ 36.202.

96.     Title III of the ADA further defines discrimination to include "a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services . . . ." 42 U.S.C. § 12182(b)(2)(A)(iii).

97.     Pursuant to Title III of the ADA and its implementing regulations it "shall be

BASKIN RICHARDS PLC
2901 N. Central Avenue, Suite 1150
Phoenix, Arizona 85012
Telephone 602-812-7979
Facsimile 602-595-7800

14

discriminatory to exclude or otherwise deny equal goods, services, facilities, privileges, advantages, accommodations, or other opportunities to an individual or entity because of the known disability of an individual with whom the individual or entity is known to have a relationship or association." 42 U.S.C. § 12182(b)(1)(E).

98.     Pursuant to Title III of the ADA and its implementing regulations, a public accommodation shall furnish appropriate auxiliary aids and services to ensure effective communication with individuals with disabilities. 42 U.S.C. § 12182(b)(2)(A)(iii); 28 C.F.R. § 36.303(b)(1).

99.     Pursuant to Title III of the ADA and its implementing regulations, a public accommodation, in choosing the type of auxiliary aid or service to ensure effective communication, must consider the "method of communication used by the individual; the nature, length, and complexity of the communication involved; and the context in which the communication is taking place." 28 C.F.R. § 36.303(c)(1)(ii).

100.    Pursuant to Title III of the ADA and its implementing regulations, in order to be effective, the type of auxiliary aid or service provided by the public accommodations "must be provided in accessible formats, in a timely manner, and in such a way as to protect the privacy and independence of the individual with a disability." 28 C.F.R. § 36.303(c)(1)(ii).

101.    Pursuant to Title III of the ADA and its implementing regulations, when a public accommodation provides VRI service, it must ensure that the service includes all the following criteria: "(1) [r]eal-time, full-motion video and audio over a dedicated high-speed, wide-bandwidth video connection or wireless connection that delivers high-quality video images that do not produce lags, choppy, blurry, or grainy images, or irregular pauses in communication; (2) [a] sharply delineated image that is large enough to display the interpreter´s face, arms, hands, and fingers, and the participating individual´s face, arms, hands, and fingers, regardless of his or her body position; (3) [a] clear, audible transmission of voices; and (4) [a]dequate training to users of the technology and other involved individuals so that they may quickly and efficiently set up and operate the VRI." 28 C.F.R. § 36.303(f).

102.    Based on all of the foregoing allegations confirming the Defendant's treatment

and interactions with the Plaintiffs, Defendant discriminated against the individual Plaintiffs on the basis of their disabilities by: (1) denying Plaintiffs an equal opportunity to participate in and benefit from Defendant's goods, services, facilities, privileges, advantages, and/or accommodations, in violation of 42 U.S.C. § 12182(b)(1)(A); (2) failing to ensure adequate and effective communication through the provision of on-site qualified Sign Language interpreters, in violation of 42 U.S.C. § 12182(b)(2)(A); (3) failing to ensure adequate and effective communication by relying on VRI systems, including systems that were not fully or adequately functioning, or other means of communication other than qualified, in-person Sign Language interpreters; (4) excluding or otherwise denying equal goods, services, facilities, privileges, advantages, accommodations, or other opportunities to Plaintiffs or entity because of the known disability of an individual with whom the individual or entity is known to have a relationship or association, in violation of 42 U.S.C. § 12182(b)(1)(E); and (5) failing to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, in violation of 42 U.S.C. § 12182(b)(2)(A).

103.    As set out above, absent injunctive relief there is a clear risk that Defendant's actions will recur with Plaintiffs and/or additional deaf persons.

104.    Plaintiffs are therefore entitled to injunctive relief, as well as an award of attorney's fees, costs, and disbursements pursuant to the ADA, 42 U.S.C. § 12188(a)(1) and/or common law.

## COUNT 2: VIOLATIONS OF SECTION 504 OF THE REHABILITATION ACT

105.    Plaintiffs repeat and reallege all preceding allegations of this Complaint in support of this claim as if set forth fully herein.

106.    At all times relevant to this action, Section 504 of the Rehabilitation Act, 29 U.S.C. § 794 has been in full force and effect and has applied to the Defendant's conduct.

107.    At all times relevant to this action, the United States Department of Health and Human Services ("HHS") regulations implementing Section 504 of the Rehabilitation Act, 45 C.F.R. Part 84, have been in full force and effect and have applied to the Defendant's conduct.

BASKIN RICHARDS PLC
2901 N. Central Avenue, Suite 1150
Phoenix, Arizona 85012
Telephone 602-812-7979
Facsimile 602-595-7800

108.    At all times relevant to this action, Plaintiffs have had substantial impairment to the major life activities of hearing and speaking within the meaning of the Rehabilitation Act, 29 U.S.C. § 705(9), and its implementing regulations at 45 C.F.R. § 84.3(j).   Accordingly, they are individuals with a disability as defined under the Rehabilitation Act.

109.    At all times relevant to this action, Plaintiffs were qualified to receive services through Defendant's facilities.

110.    Upon information and belief, at all times relevant to this action, Defendant has received federal financial assistance, including Medicaid reimbursements, and has been principally engaged in the business of providing health care. Therefore, Defendant and its associated medical facilities qualify as a program or activity receiving federal financial assistance pursuant to 29 U.S.C. § 794(b).

111.    Pursuant to Section 504, "[n]o otherwise qualified individual with a disability . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance . . . ." 29 U.S.C. § 794.

112.    As set forth in the foregoing allegations about the Plaintiffs' treatment by and interactions with Defendant and its agents and medical personnel operating within its facilities, Defendant has discriminated against and continues to discriminate against the Plaintiffs solely on the basis of their disabilities by denying them meaningful access to the services, programs, and benefits the Defendant offers to other individuals, and by refusing to provide auxiliary aids and services necessary to ensure effective communication, in violation of Section 504 of the Rehabilitation Act. 29 U.S.C. § 794.

113.    As set forth in the foregoing allegations about the Plaintiffs' treatment by and interactions with Defendant and its agents and medical personnel operating within its facility, Defendant further discriminated against the individual Plaintiffs by: 1) failing to ensure adequate and effective communication with Plaintiffs through the specific provision of qualified, in-person sign language interpreters; 2) failing to ensure adequate and effective communication with the Plaintiffs through VRI systems that functioned properly; 3) requiring

BASKIN RICHARDS PLC
2901 N. Central Avenue, Suite 1150
Phoenix, Arizona 85012
Telephone 602-812-7979
Facsimile 602-595-7800

17

the Plaintiffs to rely upon ineffective and inadequate means of communication including VRI systems, malfunctioning VRI systems, passing of handwritten notes, verbal gestures and/or lip reading.

114.    Defendant's violation of its obligations and the Plaintiffs' rights under the Rehabilitation Act and its implementing regulations has caused substantial damages, suffering, loss and harm to the Plaintiffs, including, without limitation, serious and lasting emotional harm, anxiety, frustration, fear and other serious emotional conditions or symptoms.    Upon information and belief Defendant's violations of its obligations and Plaintiffs' rights may have also caused the exacerbation, increase, extension, or delay in the resolution of serious physical medical conditions, which itself has also caused additional emotional and physical harm, suffering and injury to Mr. Begay and additional emotional harm, suffering and injury to Mrs. Begay.

115.    As set out above, absent injunctive relief there is a clear risk that Defendant's actions will recur again with Plaintiffs and other Deaf patients, their companions and family members.

116.    Plaintiffs are therefore entitled to seek and recover all appropriate compensatory damages for the injuries and losses they sustained as a result of Defendant's discriminatory conduct and deliberate indifference as hereinbefore alleged, pursuant to 29 U.S.C. § 794(a).

117.    Plaintiffs are further entitled to an award of attorney's fees, costs, and disbursements pursuant to the Rehabilitation Act, 29 U.S.C. § 794(a) and/or common law.

118.    Defendant's actions and omissions resulting in harms to the Plaintiffs were willful, malicious, intentional, recklessly indifferent and undertaken with an evil mind and motive and with disregard for and deliberate indifference to the legal rights of Plaintiffs under federal and state law and the substantial risk of serious and material harms to the Plaintiffs. Therefore, to the extent the courts were to determine that punitive damages were recoverable under the Rehabilitation Act, Defendant's actions would warrant the imposition of punitive or exemplary damages to punish the Defendant for its wrongful conduct and to deter other similarly situated persons or entities from similar future conduct.

BASKIN RICHARDS PLC
2901 N. Central Avenue, Suite 1150
Phoenix, Arizona 85012
Telephone 602-812-7979
Facsimile 602-595-7800

BASKIN RICHARDS PLC
2901 N. Central Avenue, Suite 1150
Phoenix, Arizona 85012
Telephone 602-812-7979
Facsimile 602-595-7800

## COUNT 3: VIOLATIONS OF THE ARIZONANS WITH DISABILITIES ACT

119.   Plaintiffs repeat and reallege all preceding allegations of this Complaint in support of this claim as if set forth fully herein.

120.   At all times relevant to this action, the Arizonans with Disabilities Act (AzDA), A.R.S. § 41-1492, *et seq*., has been in full force and effect and has applied to Defendant's conduct.

121.   At all times relevant to this action, Plaintiffs had substantial impairment to a major life activity of hearing and speaking and are qualified individuals with a disability within the meaning of the AzDA, A.R.S. §§ 41-1492(6) and (8)(a).

122.   At all times relevant to this action, Defendant's facility at which Plaintiffs were served or treated were and are places of public accommodation within the meaning of AzDA, A.R.S. § 41-1492(11).

123.   The AzDA, A.R.S. § 41-1492.02(A), states that "[n]o individual may be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages or accommodations of any place of public accommodation by any person who owns, leases, leases to others or operates a place of public accommodation."

124.   Discrimination under the AzDA includes any "failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of reasonable modifications in policies, practices or procedures or auxiliary aids and services." A.R.S. § 41-1492.02(G)(3).

125.   As set forth in the foregoing allegations about the Plaintiffs' treatment by and interactions with Defendant and its agents and medical personnel operating within its facilities, Defendant has discriminated against and continues to discriminate against the individual Plaintiffs solely on the basis of their disabilities by denying them meaningful access to the services, programs, and benefits the Defendant offers to other individuals, by failing and refusing to modify the Defendant's policies, procedures and practices regarding

reliance on VRI systems and refusal to provide live, on-site Sign Language interpreters, and by refusing to provide auxiliary aids and services necessary to ensure effective communication, in violation of the AzDA and the Plaintiffs' rights thereunder.

126.   As set forth in the foregoing allegations about the Plaintiffs' treatment by and interactions with Defendant and its agents and medical personnel operating within its facility, Defendant specifically discriminated against the individual Plaintiffs by: 1) failing to ensure adequate and effective communication with Plaintiffs through the specific provision of qualified, in-person sign language interpreters; 2) failing to ensure adequate and effective communication with the Plaintiffs through VRI systems that functioned properly; and 3) requiring the Plaintiffs to rely upon ineffective and inadequate means of communication including VRI systems, malfunctioning VRI systems, passing of handwritten notes, verbal gestures and/or lip reading.

127.   Discrimination under the AzDA also includes, "[a] failure to make reasonable modifications in policies, practices or procedures, if these modifications are necessary to afford these goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities, unless the entity can demonstrate that making these modifications would fundamentally alter the nature of these goods, services, facilities, privileges, advantages or accommodations." A.R.S. § 41-1492.02(G)(2).

128.   Upon information and belief, Defendant has a policy of using VRI except in certain discrete situations.

129.   As set forth in the foregoing allegations about the Plaintiffs' treatment by and interactions with Defendant and its agents and medical personnel operating within its facilities, Plaintiffs requested reasonable accommodations to Defendant's VRI policy and/or Defendant had reason to know of Plaintiffs' disabilities and inability to request an accommodation, Plaintiffs needed a reasonable accommodation, and Defendant denied Plaintiffs a reasonable accommodation, which resulted in Plaintiffs being harmed.

130.   Defendant's violation of its obligations and the Plaintiffs' rights under the AzDA has caused substantial damages, suffering, loss and harm to the Plaintiffs, including, without

BASKIN RICHARDS PLC
2901 N. Central Avenue, Suite 1150
Phoenix, Arizona 85012
Telephone 602-812-7979
Facsimile 602-595-7800

limitation, serious and lasting emotional harm, anxiety, frustration, fear and other serious emotional conditions or symptoms.  Upon information and belief, Defendant's violations of its obligations and Plaintiffs' rights may have also caused the exacerbation, increase, extension, or delay in the resolution of serious physical medical conditions, which itself has also caused additional emotional and physical harm, suffering and injury to Mr. Begay and additional emotional harm, suffering and injury to Mrs. Begay.

131.    As set out above, absent injunctive relief there is a clear risk that Defendant's actions will recur with Plaintiffs and/or additional Deaf persons.

132.    Plaintiffs are therefore entitled to seek and recover all appropriate compensatory damages and injunctive relief for the injuries and losses they sustained as a result of Defendant's discriminatory conduct and deliberate indifference as hereinbefore alleged, including as allowed pursuant to A.R.S. § 41-1492.09.

133.    Plaintiffs are further entitled to an award of attorney's fees, costs, and disbursements pursuant to A.R.S. § 41-1492.09 and/or as otherwise provided at law.

**COUNT 4:  VIOLATIONS UNDER AFFORDABLE CARE ACT SECTION 1557**

134.    Plaintiffs repeat and reallege all preceding allegations of this Complaint in support of this claim as if set forth fully herein.

135.    At all times relevant to this action, Section 1557 of the Patient Protection and Affordable Care Act, 42 U.S.C. § 18116 was in full force and effect and applied to the Defendant's conduct.

136.    At all times relevant to this action, Section 1557, 42 U.S.C. § 18116, incorporated the definition of disability in the Rehabilitation Act, 29 U.S.C. § 705(9).

137.    At all times relevant to this action, Plaintiffs are substantially limited in the major life activity of hearing and speaking, and were individuals with disabilities within the meaning of the Rehabilitation Act, 29 U.S.C. § 705(9) and of Section 1557, 42 U.S.C. § 18116.

138.    At all times relevant to this action, such Plaintiffs' primary language for communication was American Sign Language and not English; and such Plaintiffs had limited

BASKIN RICHARDS PLC
2901 N. Central Avenue, Suite 1150
Phoenix, Arizona 85012
Telephone 602-812-7979
Facsimile 602-595-7800

ability to read, write, speak, or understand English, and were individuals with limited English proficiency within the meaning of Section 1557, 45 C.F.R. § 92.4.

139.    At all times relevant to this action, Defendant received federal financial assistance, including Medicaid reimbursements, and was principally engaged in the business of providing health care. Therefore, Defendant is a health program or activity receiving federal financial assistance pursuant to 42 U.S.C. § 18116(a).

140.    Pursuant to Section 1557, "an individual shall not, on the ground prohibited under . . . section 504 of the Rehabilitation Act of 1973 (29 U.S.C. 794), be excluded from participation in, be denied the benefits of, or be subjected to discrimination under, any health program or activity, any part of which is receiving Federal financial assistance . . ." 42 U.S.C. § 18116.

141.    Defendants have discriminated and continue to discriminate against Plaintiffs solely on the basis of their disabilities and their limited English proficiency by denying them meaningful access to the services, programs, and benefits the Defendant offers to other individuals by refusing to provide auxiliary aids and services necessary to ensure effective communication in violation of Section 1557, 42 U.S.C. § 18116.

142.    Defendants discriminated against the individual Plaintiffs by failing to ensure effective communication through the providing of qualified sign language interpreters on-site and/or through VRI machines that worked.

143.    On information and belief, the refusal to offer qualified on-site ASL interpreter services is as a result of a policy or practice of Defendants to prohibit or impede the use of on-site qualified sign language interpreters without regard to whether VRI services will provide effective communication.

144.    As set out above, absent injunctive relief there is a clear risk that Defendants' actions will recur again with Plaintiffs and other Deaf patients and family members.

145.    Plaintiffs are therefore entitled to seek and recover compensatory damages for the injuries and loss they sustained as a result of Defendants' discriminatory conduct and deliberate indifference as hereinbefore alleged, pursuant to 42 U.S.C. § 18116(a).

BASKIN RICHARDS PLC
2901 N. Central Avenue, Suite 1150
Phoenix, Arizona 85012
Telephone 602-812-7979
Facsimile 602-595-7800

146.    Plaintiffs are further entitled to an award of attorney's fees, costs, and disbursements pursuant to 42 U.S.C. § 18116(a), the Rehabilitation Act, 29 U.S.C. § 794(a) and/or common law.

### PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs respectfully pray that this Court grant the following relief against the Defendant:

A. Enter a declaratory judgment, pursuant to Rule 57 of the Federal Rules of Civil Procedure, stating that Defendant's practices, policies and procedures have subjected Plaintiffs to discrimination in violation of Title III of the Americans with Disabilities Act, Section 504 of the Rehabilitation Act, Section 1557 of the Patient Protection and Affordable Care Act, 42 U.S.C. § 18116, and the Arizonans with Disabilities Act;

B. Enjoin Defendant from implementing or enforcing any policy, procedure, or practice that denies individuals who are deaf or hard of hearing, such as Plaintiffs, meaningful access to and full and equal enjoyment in Defendant's services or programs;

C. Order Defendant:

    i.    to develop and comply with written policies, procedures, and practices to ensure that Defendant does not discriminate in the future against Plaintiffs and other similarly situated individuals who are deaf or hard of hearing or companions of deaf or hard of hearing persons by failing to provide effective communication;

    ii.   to develop, promulgate, implement and comply with a policy requiring that when a patient or other deaf individual appearing as a companion or family member, or other person for a patient requests an on-site interpreter for effective communication, a fully qualified sign language interpreter will be provided as soon as practicable in all services offered by Defendant;

    iii.  to develop, implement, promulgate, and comply with a policy to ensure that Defendant will notify individuals who are deaf or hard of hearing of

BASKIN RICHARDS PLC
2901 N. Central Avenue, Suite 1150
Phoenix, Arizona 85012
Telephone 602-812-7979
Facsimile 602-595-7800

their rights to effective communication under all applicable federal and state law. This notification will include posting explicit and clearly worded notices that Defendant will provide sign language interpreters, videophones, and other communication services to ensure effective communication with deaf or hard of hearing persons;

iv.   to develop, implement, promulgate, and comply with a policy to ensure, in the event any facility operated by Defendant utilizes a Video Remote Interpreting System ("VRI"), that such system has all functions and characteristics necessary to ensure it provides for effective communication given all the conditions and circumstances present, including without limitation that such system utilizes;  1) a high-speed Internet connection; 2) a video screen and camera with appropriate size, resolution, position, capture angle, focus, and proximity to the deaf individual; and 3) appropriate audio quality.  When necessary for effective communication the equipment must be portable and made available to the patient where the patient is located, preferably in a private room to minimize distractions and maintain confidentiality;

v.   To provide at all times and at all Defendant's medical facilities utilizing VRI systems adequately trained and experienced employees or contractors sufficient to ensure that any VRI systems or related communications equipment or resources are maintained at all times in proper working condition and can be promptly fixed in time to avoid any prejudice or unreasonable delay in patient care or companion communication;

vi.   to develop, implement, promulgate, and comply with a policy to ensure that deaf or hard-of-hearing patients are able to communicate through the most appropriate method under the circumstances, recognizing that the VRI is not appropriate in all medical situations;

24

BASKIN RICHARDS PLC
2901 N. Central Avenue, Suite 1150
Phoenix, Arizona 85012
Telephone 602-812-7979
Facsimile 602-595-7800

vii.   to create and maintain a list of American Sign Language interpreters and ensure availability of such interpreters at any time of day or night and whenever the services of such interpreters are required to provide effective communication to any deaf or hard of hearing patient or companion;

viii.   to train all its employees, staff, and other agents on a regular basis about the rights of individuals who are deaf or hard of hearing under the ADA, Section 504 of the Rehabilitation Act, Section 1557 of the Patient Protection and Affordable Care Act, 42 U.S.C. § 18116, and the AzDA;

ix.   to train all its employees, staff, and other agents on a regular basis about how to properly assess when VRI or other alternative means of communication do not provide effective communication for a deaf patient or other deaf and hard of hearing companions or visitors to the Defendant's facilities;

x.   to train its employees, staff, and other agents on a regular basis about Defendant's policies regarding when and how to properly use VRI services (including how to set up the VRI system and how to obtain technical assistance in case of system malfunction or failure) and how to obtain interpreters when requested by deaf or hard of hearing patients or companions;

D.   Award to Plaintiffs:

i.   compensatory damages pursuant to Section 504 of the Rehabilitation Act, Section 1557 of the Patient Protection and Affordable Care Act, 42 U.S.C. § 18116, and the Arizonans with Disabilities Act sufficient to fully remedy all damages, suffering, injury and losses caused to Plaintiffs by Defendant;

BASKIN RICHARDS PLC
2901 N. Central Avenue, Suite 1150
Phoenix, Arizona 85012
Telephone 602-812-7979
Facsimile 602-595-7800

ii.   to the extent allowed by any applicable law, punitive damages in an amount sufficient to punish the Defendant and to deter similarly situated persons or entities from similar future conduct;

iii.   reasonable costs and attorneys' fees pursuant to the ADA, Section 504 of the Rehabilitation Act, Section 1557 of the Patient Protection and Affordable Care Act, 42 U.S.C. § 18116, and the AzDA;

iv.   interest on all amounts at the highest rates and from the earliest dates allowed by law;

v.   any and all other relief that this Court finds just, necessary and appropriate.

## JURY DEMAND

Plaintiffs demand trial by jury for all of the issues a jury properly may decide, and for all of the requested relief that a jury may award.

RESPECTFULLY SUBMITTED this 16th day of May, 2017.

BASKIN RICHARDS PLC

/s/ William A. Richards
William A. Richards
Alan S. Baskin
Nicole C. Davis
David E. Wood
Leslie Ross
2901 N. Central Avenue, Suite 1150
Phoenix, AZ  85012

AND

EISENBERG & BAUM, L.L.P.
Eric Baum, Esq.
Andrew Rozynski, Esq.
24 Union Square East
Fourth Floor
New York, NY 10003
*Attorneys for Plaintiffs*